# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAN SHIPP, JR.**
       **Petitioner-Defendant,**

    **v.**                                  **Case No. 14-C-499**
                                           **(Criminal Case No. 11-CR-284)**

**UNITED STATES OF AMERICA**
       **Respondent-Plaintiff.**

## RULE 4 ORDER

Pursuant to 28 U.S.C. § 2255, petitioner Dan Shipp, Jr. moves to vacate his sentence for unlawful possession of a firearm. The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

## I. BACKGROUND

The government charged petitioner with possessing firearms as a felon. 18 U.S.C. § 922(g)(1). The indictment further alleged that petitioner qualified as an armed career criminal, subjecting him to a mandatory minimum sentence of 15 years. 18 U.S.C. § 924(e). Petitioner moved to suppress evidence obtained by the police following a traffic stop, arguing that the police lacked probable cause for the stop and that the officers unlawfully prolonged the

encounter (during which they obtained his consent to search his car and residence).[1]  A magistrate judge held an evidentiary hearing and issued a recommendation that the motion be denied. Petitioner objected, but on de novo review I agreed with the magistrate judge and denied the motion.  Petitioner then entered an unconditional guilty plea, and I sentenced him to 96 months in prison, the term jointly recommended by the parties, pursuant to 18 U.S.C. § 3553(e).  He took no appeal.

## II.  DISCUSSION

### A.    Section 2255 Standards

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice."  Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013).  A § 2255 action does not serve as a substitute for a direct appeal.  Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007).  Accordingly, claims not raised at trial or on direct appeal are generally defaulted for collateral review.  See, e.g., Sandoval v. United States, 574 F.3d 847, 850 (7th Cir. 2009).  "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is actually innocent, or that there is cause and actual prejudice."  Torzala v. United States, 545 F.3d 517, 522 (7th

---

[1] The police founds the guns in petitioner's residence.

Cir. 2008) (internal quote marks omitted). Claims of ineffective assistance of counsel constitute an exception, however, and may be raised initially under § 2255. See Massaro v. United States, 538 U.S. 500, 504 (2003).

**B.      Petitioner's Claims**

In his pro se § 2255 motion, petitioner raises three grounds for relief.

**1.      Ineffective Assistance**

Petitioner first contends that he received ineffective assistance of counsel, arguing that his lawyer should have sought suppression of physical evidence. "To prevail on an ineffective assistance claim, a petitioner must establish that his 'counsel's performance was deficient' and that 'the deficient performance prejudiced the defense.'" Koons v. United States, 639 F.3d 348, 351 (7th Cir. 2011) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

As discussed above, counsel did file a motion to suppress. That motion focused on the propriety of the stop and the length of the encounter. I found that the police had probable cause to pull defendant over for equipment and seatbelt violations, and that the officer's requests for consent to search petitioner's car and apartment did not unreasonably extend the stop. In his § 2255 motion, petitioner contends that he never consented to the search of his vehicle and residence. But petitioner does not aver that he told his lawyer that, see Koons, 639 F.3d at 352-53, and in resolving petitioner's motion, I found that he consented to both searches.² (R. 44 at 3.) Further, in the factual basis section of his plea agreement, petitioner admitted that he consented to both searches. (R. 55 at 3, ¶ 5.) The court need not accept

---

²At the evidentiary hearing, petitioner testified that he consented to a search of his car. (R. 31 at 34:6.) He wasn't asked about the residence. The officer testified that petitioner consented to a search of the residence, signing a note in the officer's memo book to that effect. (R. 23 at 22:22-25.)

3

factual allegations in a § 2255 motion that are plainly contradicted by the record. See Eaton v. United States, 458 F.2d 704, 706 (7th Cir. 1972); see also Cooper v. United States, 378 F.3d 638, 641-42 (7th Cir. 2004).

### 2. Tenth Amendment

Petitioner next argues that this case should have been handled in state rather than federal court, and that the government's prosecution violated the sovereignty of Wisconsin. Petitioner failed to raise this claim directly, defaulting it for collateral review. In any event, the claim lacks merit. It is well-established that state and federal governments may exercise concurrent criminal jurisdiction over gun possession offenses. See United States v. Sarraj, 665 F.3d 916, 922-23 (7th Cir. 2012).

### 3. Second Amendment

Finally, petitioner argues that this prosecution violated his right to bear arms. This claim is also defaulted. It also lacks merit. Congress may, consistent with the Second Amendment, bar felons from possessing firearms. See District of Columbia v. Heller, 554 U.S. 570, 626 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[.]"); United States v. Williams, 616 F.3d 685, 693 (7th Cir. 2010) (noting "that every court to address the constitutionality of § 922(g)(1) in light of Heller has upheld that statute").

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district

court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge